IN THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC., Plaintiff, | |
| v. | MISC 08 51S<br>Civil Action No. |
| STEPHEN P. TROY, JR., AND TROY INDUSTRIES, INC. Defendants. | |

**PLAINTIFF'S MOTION TO QUASH A DEPOSITION SUBPOENA SERVED ON ITS RHODE ISLAND ATTORNEYS**

Plaintiff, Atlantic Research Marketing Systems, Inc. hereby moves to quash a deposition subpoena served on the Providence, Rhode Island law firm of Barlow, Josephs & Holmes, Ltd. As grounds for this Motion, Plaintiff relies on the Memorandum of Law filed herewith.

Pursuant to LR Cr 12(c)(3)(A), Plaintiff certifies that it conferred with Defendants' counsel and made a good faith effort to resolve or narrow the issue prior to seeking Court involvement.

Atlantic Research Marketing Systems, Inc.,
By its Attorneys,

/s/ Christine K. Bush
Craig M. Scott (#4237)
Christine K. Bush (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Ph
(401) 455-0701-Fax
cbush@duffysweeney.com

Dated: June 20, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June, 2008, a true copy of the foregoing ***Motion to Quash***, including those listed below, and copies will be mailed via electronic and first class mail to those indicated as non-registered participants.

**Ann Lamport Hammitte**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: ahammitte@ll-a.com

**Carla Miriam Levy**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: clevy@ll-a.com

**Thomas P. McNulty**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: tmcnulty@ll-a.com

**Nicholas A Ogden**
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500 \
Fax: 617-406-4501
Email: nogden@donovanhatem.com

/s/ Christine K. Bush
Christine K. Bush, Esq.

THE UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC.,<br><br>Plaintiff,<br>v.<br><br>STEPHEN P. TROY, JR., AND TROY INDUSTRIES, INC.<br><br>Defendants. | : | Civil Action No. |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH A DEPOSITION SUBPOENA SERVED ON ITS RHODE ISLAND ATTORNEYS**

## I. INTRODUCTION

On June 11, 2008 Defendants subpoenaed Plaintiff, Atlantic Research Marketing Systems, Inc. ("A.R.M.S.")'s patent counsel, the Providence, Rhode Island law firm of Barlow, Josephs & Holmes, Ltd., to testify at a June 27, 2008 deposition in a patent case pending in the District of Massachusetts. (True copies of the subpoena and deposition notice are attached hereto as Exhibit 1.) By its terms, Defendants' subpoena of Plaintiff's lawyers encompasses their mental impressions, legal opinions, work product, and client advice all generated as part of counseling A.R.M.S. in connection with securing and maintaining its patents. The subpoena seeks to elicit the following testimony from A.R.M.S.'s lawyers:

1) The preparation of, filing of, and prosecution of the '465 Patent, including, without limitation, the prosecution of the application that led to U.S. Patent No. 6,490,822 ("the '822 patent") and all patents and applications claiming priority to the '822 patent, U.S. Patent No. 6,499,245, the reissue application that led to the '465 Patent, and the reexamination of the '465 Patent.

2) Any studies, investigations, determinations, or opinions, whether generated in connection with this or any prior suit or threat of suit, concerning the scope of interpretation, patentability or unpatentability, validity or invalidity, enforceability or unenforcebility, or infringement or non-infringement of any claim of the '465 patent.

3) All patents and patent applications that ARMS claims cover any part of any ARMS S.I.R. product.

Defendants' subpoena seeks to pierce the attorney-client privilege and requires Plaintiff's attorney to reveal communications sought for the purpose of obtaining legal advice.

In an effort to avoid Court intervention, counsel to A.R.M.S. contacted Defendants' counsel to request that the attorney depositions be curtailed to non-privileged subject areas or cancelled. Defendants have refused to narrow or withdraw the subpoena, despite the fact they have an opportunity to discover the infringement and claims construction information they seek during the expert discovery phase that has not yet begun.

## II. FACTS

This case involves weapon handguard rail systems.[1] Richard Swan, founder and principal of A.R.M.S., has been designing weapon handguard rail systems for years. Among multiple other patents, Mr. Swan received U.S. Patent No. 6,499,245, reissued as U.S. Patent No. RE39,465 (the "'465 patent"), which covers, among other things, the design of a free floating handguard rail system.

On June 3, 2002, A.R.M.S. hired Defendant, Steven Troy. During his employment with A.R.M.S., Mr. Troy had access to and became intimately familiar with

[1] A handguard rail system includes hardware that mounts around a weapon barrel. The handguard rail system acts as a place to hold and control the weapon, protects the user's hands from the heat of the barrel, and allows the weapon to be fitted with various auxiliary equipment, such as a scope or a laser pointer.

A.R.M.S.'s trade secrets and proprietary information including, but not limited to, various free floating handguard rail system designed by Mr. Swan. Mr. Troy also became intimately familiar with A.R.M.S.'s other trade secrets containing confidential and proprietary information, including, but not limited to, A.R.M.S.'s marketing efforts to the U.S. Government and other A.R.M.S. customers.

A.R.M.S. fired Mr. Troy in February 2003. Five days after Mr. Troy was fired, Troy Industries conspired to sell A.R.M.S.'s proprietary product design for the free floating handguard rail system to an A.R.M.S. customer. Mr. Troy later filed a patent application for a free floating handguard rail system that falsely names Mr. Troy as the sole inventor. Thereafter, the U.S. Patent Office granted Mr. Troy a patent, U.S. Patent No. 7,216,451 (the "'451 patent").

On October 23, 2007, A.R.M.S. sued Troy and Troy Industries, Inc. in the District of Massachusetts[2] alleging, among other things, that Troy's handguard rail systems infringe the '465 Patent. A.R.M.S.'s Complaint also alleges that the '451 patent issued to Stephen Troy is an interfering patent and seeks a declaration that the '451 patent is invalid or owned by A.R.M.S. Finally, A.R.M.S. asserts additional counts concerning Defendants' misappropriation of trade secrets, unfair competition, violation of M.G.L. ch. 93A, conversion, breach of contract and breach of fiduciary duty.

On December 14, 2007, after the Court denied Defendants' Motion to Dismiss, Troy answered the Complaint and asserted a counterclaim against A.R.M.S. seeking a declaration that the '465 Patent is not infringed or, alternatively, is invalid or unenforceable and requesting damages for A.R.M.S.'s alleged infringement of the '451 patent. Troy did not assert that A.R.M.S. misappropriated trade secrets, engaged in

---

[2] Atlantic Research Marketing Systems, Inc. v. Troy Industries, Inc. et. al., C.A. No. 07-cv-1576(PBS).

unfair competition, or violated M.G.L. ch. 93A.

On June 11, 2008, Defendants served a Rule 30(b)(6) subpoena on Barlow, Josephs & Holmes. Barlow, Josephs & Holmes served and continues to serve as patent counsel to A.R.M.S. and prosecuted the '465 Patent. (A true copy of the '465 Patent is attached as Exhibit 2.)

## III. ARGUMENT

### A. Defendants' Subpoena on Plaintiff's Counsel Should be Quashed Because it Requires the Disclosure of Privileged Matters.

This Court has the power to quash any subpoena that is unreasonable or oppressive. United States v. Henry, 482 F.3d 27, 30 (1st Cir. 2007); see also Fed. R. Civ. P. 45(c) (allowing the Court to limit discovery that is improper or imposes an undue burden, particularly on non-parties). Where a subpoena, however, "requires disclosure of privileged or otherwise protected matter and no exception or waiver applies," an issuing court must quash or modify that subpoena. Fed. R. Civ. P. 45(c)(3)(A)(iii). Here, Defendants' subpoena must be quashed because it requires A.R.M.S.'s attorneys to disclose privileged matters.

The attorney-client privilege protects information from disclosure where:

> (1) legal advice of any kind is sought, (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

United States v. Mubayyid, No. 05-40026-FDS, 2007 WL 2475872, *3 (D. Mass. Aug. 6, 2007) (quoting United States v. Massachusetts Inst. of Tech., 129 F.3d 681, 684 (1st Cir. 1997). The attorney-client privilege extends "to all communications made to an attorney or counsellor, duly qualified and authorized as such, and applied to by the party in that

capacity, with a view to obtain his advice and opinion in matters of law, in relation to his legal rights, duties and obligations." F.D.I.C. v. Ogden Corp, 202 F.3d 454, 461 (1st Cir. 2000). Even if technical information also is conveyed, so long as the primary purpose of the communication is to request or supply legal advice, the communication is privileged. See In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 805 (C.A. Fed. 2000); Fromson v. Anitec Printing Plates, Inc., 152 F.R.D. 2 (D. Mass. 1993); Knogo Corp. v. United States, 213 U.S.P.Q. 936 (Ct. Cl. 1980).

Further, as noted by the Federal Circuit, the privilege "exists to protect not only the giving of professional advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice." Spalding Sports, 203 F.3d at 805 (quoting Upjohn Co. v. United States, 449 U.S. 383, 396 (1981)). The fact that information was conveyed in the context of patent applications or prosecution does not affect the application of the attorney-client privilege because "the preparation and prosecution of patent applications for others constitutes the practice of law." Id. at 806 (quoting Sperry v. Florida, 373 U.S. 379, 383 (1963)); see also id. at 805 ("rejecting the characterization of patent attorneys as mere 'conduits' to the [United States Patent and Trademark Office]") (citation omitted).

Additionally, the work product doctrine protects "against disclosure of materials that a party, her attorney, or her representative prepares in anticipation of litigation." In re Grand Jury Subpoena, 220 F.R.D. 130, 141 (D. Mass. 2004); see also Maine v. United States Dep't of Interior, 298 F.3d 60, 66 (1st Cir. 2002). The work product doctrine creates a "zone of privacy" that allows a party and their attorney to prepare for litigation, "free from unnecessary intrusion by his adversaries." See United States v. Adlman, 134

F.3d 1194, 1196 (2d. Cir. 1998) (citing Fed. R. Civ. P. 26(b)(3); Hickman v. Taylor, 329 U.S. 495, 510-11 (1947)).

Here, it is undisputed that A.R.M.S. was and is a client of Barlow, Josephs & Holmes. A.R.M.S. engaged Barlow, Josephs & Holmes as a professional legal advisor based on its expertise in patent law. In that capacity, Barlow, Josephs & Holmes and A.R.M.S. conveyed information back and forth concerning A.R.M.S.'s intellectual property rights and discussed strategic protection of that intellectual property. These conversations occurred in private, and A.R.M.S. has not waived the attorney-client privilege concerning the discussions by disclosing the subject matter of the discussions.

Defendants' proposed deposition topics seek to compel disclosure of information concerning:

1) The preparation of, filing of, and prosecution of the '465 Patent, including, without limitation, the prosecution of the application that led to U.S. Patent No. 6,490,822 ("the '822 patent") and all patents and applications claiming priority to the '822 patent, U.S. Patent No. 6,499,245, the reissue application that led to the '465 Patent, and the reexamination of the '465 Patent.

2) Any studies, investigations, determinations, or opinions, whether generated in connection with this or any prior suit or threat of suit, concerning the scope of interpretation, patentability or unpatentability, validity or invalidity, enforceability or unenforcebility, or infringement or non-infringement of any claim of the '465 patent.

3) All patents and patent applications that ARMS claims cover any part of any ARMS S.I.R. product.

(Exhibit 1.)

Defendants' first proposed topic attempts to discover communications sought for the purpose of obtaining legal advice between A.R.M.S. and Barlow, Josephs & Holmes. Barlow, Josephs & Holmes was directly involved in the preparation and prosecution of

the '465 Patent-in-suit, and intimately involved in critical patent prosecution decisions. Forcing Barlow, Josephs & Holmes to discuss the "preparation of, filing of, and prosecution of the '465 Patent" necessarily requires disclosure of its mental impressions and legal conclusions about the best prosecution strategy for the patents. Eliciting testimony about why and how A.R.M.S. chose to prosecute the '465 Patent will require Barlow, Josephs & Holmes to reveal the substance of discussions and advice it provided to A.R.M.S. In essence, Defendants seek testimony about the confidential discussions, mental impressions, strategy decisions, and work product by and among counsel and client to determine how to proceed with the prosecution of the '465 Patent and related patents. As the Federal Circuit held, "the preparation and prosecution of patent applications for others constitutes the practice of law." Spalding Sports, 203 F.3d at 806. The testimony sought relates directly to why A.R.M.S. acquired the advice of counsel, which was to obtain legal advice on how to prosecute the patents. See id. at 805. The communications therefore are privileged, as is whatever testimony Defendants expect to elicit regarding these matters.

Defendants' second proposed deposition topic highlights the importance of the attorney-client privilege in the patent context, because a patent attorney cannot effectively evaluate patentability or prepare an appropriate patent application without "knowing the prior art and obtaining relevant technical information from the inventors." Id. at 806. To assess whether a patent application will be successful or determine a patent's scope, A.R.M.S. and its attorneys must exchange a great deal of information, and patent attorneys must be able to acquire this information without fear of later being subject to deposition on it. The privilege protects "not only the giving of professional

advice to those who can act on it, but also the giving of information to the lawyer to enable him to give sound and informed advice." Id. at 805. Similarly, "any studies, investigations, determinations, or opinions" created or prepared in the course of prosecuting patents are quintessential examples of legal advice, because they are a synthesis a various mental impressions and opinions critical to providing a client with competent legal advice. See id. Additionally, by its very terms, this topic requests privileged work product, "any studies investigations, determinations, or opinions, whether generated in connection with this or any prior suit or threat of suit." See id. Moreover, the fact some of this information may pertain to technical aspects of the patent and does not solely relate to legal advice does not preclude it from being protected by the attorney-client privilege. See id. at 806.

Finally, the information sought in Topic 3 is irrelevant to the issue of whether Defendants' products infringe the '465 Patent, the only patent asserted by A.R.M.S. against Defendant. The comparison is between the patent and the accused product. See Salazar v. Proctor & Gamble Co., 414 F.3d 1342, 1344 (C.A. Fed. 2005) ("[a] determination of infringement requires a proper interpretation of the scope and meaning of the claim followed by a comparison of the accused product to that claim scope"). Whether, and to what extent, Plaintiff's patent(s) cover Plaintiff's own products is irrelevant.

Regardless, determinations about the extent to which any patents and patent applications cover part of the A.R.M.S. S.I.R. product line constitute an impermissible inquiry into the legal opinions, mental impressions, and work product of A.R.M.S.'s attorneys. A.R.M.S.'s opinion as to patents and patent applications that cover part of the

A.R.M.S. S.I.R. product line are derived from discussions and information exchanged with its counsel and are privileged. Allowing Defendants to depose A.R.M.S.'s attorneys on this topic and the other two topics is tantamount to allowing Defendants access to the most detailed advice from the patent attorneys to A.R.M.S., which would render the attorney-client privilege meaningless, and be extremely prejudicial to A.R.M.S. For all these reasons, the subpoena must be quashed.

**B. Plaintiff Did Not Waive the Attorney-Client Privilege and Defendants' Have Other Means to Discover the Non-Privileged Facts.**

Defendants counsel has suggested that A.R.M.S. "waived" the attorney-client privilege when Mr. Swan testified candidly that he cannot testify on patent matters and relies on his attorneys for an understanding of infringement and technical issues. This ignores the fact that Plaintiff objected, in writing, to any inquiry in advance of the Rule 30(b)(6) deposition that implicated any privilege. (Exhibit 3.)

Finally, Defendants have other avenues available to them to develop their discovery inquiries. In addition to expert discovery in the next few months, many of the discussions culminated in patent applications filed with the United States Patent and Trademark Office ("PTO"). That application and A.R.M.S.'s subsequent filings with the PTO concerning the subject patents are public information accessible to Defendants and their experts.

**C. If the Subpoena is Not Quashed it Should be Modified Because it Subjects Barlow, Josephs & Holmes, Ltd. to Incur Undue Costs in Order to Attend.**

Rule 45 of the Federal Rules of Civil Procedure allows a court to modify a subpoena if it subjects a party to an undue burden. See Fed. R. Civ. Pro. 45(c)(3)(A)(iv). Barlow, Josephs & Holmes, Ltd. is not a party to the underlying patent infringement

litigation and its sole office is located in Providence, Rhode Island. Barlow, Josephs & Holmes, Ltd. regularly transacts business in Providence, Rhode Island. As such, to minimize the expense associated for Barlow, Josephs & Holmes, Ltd. to attend any deposition, the Court should exercise its discretion and order that any deposition take place in Providence, Rhode Island, where the firm is located.

**Conclusion**

For all these reasons, because Defendants' subpoena of Plaintiff's counsel requires the disclosure of privileged material, which is protected by attorney-client privilege and work product doctrine, the Court should quash Defendants' subpoena, or, in the alternative, modify the subpoena to preclude inquiry into any information protected from disclosure by the attorney-client privilege or work product doctrine and require that any deposition of Barlow, Josephs and Holmes take place in Providence, Rhode Island.

Atlantic Research Marketing Systems, Inc.,
By its Attorneys,

/s/ Christine K. Bush
Craig M. Scott (#4237)
Christine K. Bush (#5587)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Ph
(401) 455-0701-Fax
cbush@duffysweeney.com

Dated: June 20, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of June, 2008, a true copy of the foregoing ***Motion to Quash***, including those listed below, and copies will be mailed via electronic and first class mail to those indicated as non-registered participants.

**Ann Lamport Hammitte**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: ahammitte@ll-a.com

**Carla Miriam Levy**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: clevy@ll-a.com

**Thomas P. McNulty**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: tmcnulty@ll-a.com

**Nicholas A Ogden**
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500 \
Fax: 617-406-4501
Email: nogden@donovanhatem.com

/s/ Christine K. Bush
Christine K. Bush, Esq.

H:\Clients\Atlantic Research Marketing (ARMS)\Troy\Pleadings\Drafts\Mem Motion to Quash Subpoena (RI).doc