# EXHIBIT 3

DUFFY SWEENEY & SCOTT, LTD
BUSINESS LAW & LITIGATION

*Craig M. Scott, Esq.*
*cscott@duffysweeney.com*

COPY

May 14, 2008

***Via Facsimile and***
***First Class Mail***
Ann Lamport Hammitte, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142

Re: Atlantic Research Marketing Systems, Inc. v. Troy Industries, Inc. and Stephen P. Troy
C.A. No. 07-cv-11576

Dear Ann:

This letter serves as Atlantic Research Marketing Systems, Inc.'s ("A.R.M.S.") objections and responses to Stephen P. Troy, Jr.'s and Troy Industries, Inc.'s (jointly, "Defendants" or "Troy") Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice").

A.R.M.S. objects to the Notice, and the Definitions contained therein, to the extent they seek information that is protected from discovery by any evidentiary privilege, including without limitation the attorney-client privilege, the work product doctrine, and/or other applicable privileges protecting against discovery.

A.R.M.S. objects to the Notice to the extent that it seeks testimony concerning information that is not within the possession, custody, or control of A.R.M.S., that is already within the possession, custody, or control of Defendants, or that is as readily available to Defendants as to A.R.M.S.

A.R.M.S. objects to the Notice to the extent that the Topics identified therein are overly broad, unduly burdensome, oppressive, redundant, vague, and/or ambiguous.

A.R.M.S. objects to the Notice to the extent that it seeks testimony concerning information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence insofar as it: (a) seeks information that is not relevant to the claim or defense of any party; and/or (b) is not limited to any reasonable or relevant time frame.

A.R.M.S. objects to the Notice to the extent that it seeks testimony concerning information that relates to legal arguments, contentions, or conclusions and which is better suited for interrogatory requests and/or other discovery mechanisms.

A.R.M.S. objects to Topics 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21 and 22, concerning "any," "all," and/or "each" fact, contention and/or document, on the grounds that such Topics are overly broad, unduly burdensome, oppressive, and/or seek information that is not relevant to any issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. The designation of a witness by A.R.M.S. concerning these Topics should not be construed as a representation that such individual has knowledge of each and every conceivable fact, contention and/or document, but rather, the designated individual has or will use reasonable diligence to ascertain information within A.R.M.S.'s possession, custody, or control.

Subject to and without waiving these objections, A.R.M.S. designates and will make available at a mutually agreeable date and place Richard Swan to testify in response to all Topics.

Please contact me with any questions.

Very truly yours,

Craig M. Scott

BLM/las

cc: Christine K. Bush, Esq.
Atlantic Research Marketing Systems, Inc.

H:\Clients\Atlantic Research Marketing (ARMS)\Troy\Letters\Hammittee 05-14-08 (Obj to 30(b)(6)).doc