# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC.,<br><br>Plaintiff,<br>v.<br><br>STEPHEN P. TROY, JR. AND TROY INDUSTRIES, INC.,<br><br>Defendants. | Civil Action No. 07-cv-11576 (PBS) |

TO: Craig M. Scott, Esq.
Christine K. Bush, Esq.
DUFFY, SWEENEY & SCOTT LLP
One Turks Head Building, Ste. 1200
Providence, RI 02903

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 30(b)(6), Defendants Stephen P. Troy, Jr. and Troy Industries, Inc., will take the deposition of Plaintiff Atlantic Research Marketing Systems, Inc. ("ARMS") at the offices of Donovan Hatem, LLP, 2 Seaport Lane, 8th Floor, Boston, MA 02210 on May 16, 2008 at 9:30 a.m. on the topics listed on the attached Schedule A. The deposition will be recorded by videographic and stenographic means and will continue from day-to-day until completed.

Because there will be considerable expense in preparing for and taking the deposition, Plaintiff is reminded that the person designated to testify on each topic is expected to have conducted a sufficient investigation or to have been given sufficient information to be prepared to give testimony on behalf of the plaintiff.

You are invited to attend and cross-examine.

Dated: May 2, 2008

Ann Lamport Hammitte (BBO No. 553263)
Thomas P. McNulty (BBO No. 654564)
LOWRIE, LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street, 11th Floor
Cambridge, MA 02142
Telephone: (617) 395-7000
Facsimile: (617) 395-7070
emailservice@LL-A.com

Damian R. LaPlaca (BBO No. 551369)
Sarah K. Willey (BBO No. 633504)
Christian Samito (BBO No. 639825)
DONOVAN HATEM, LLP
World Trade Center East
Two Seaport Lane
Boston MA 02210
Telephone: (617) 406-4500
Facsimile: (617) 406-4501

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing NOTICE OF DEPOSITION was sent via First-Class U.S. Mail to those persons listed below, this 2nd day of May, 2008.

Craig M. Scott, Esq.
Christine K. Bush, Esq.
DUFFY, SWEENEY & SCOTT LLP
One Turks Head Building, Ste. 1200
Providence, RI 02903
cscott@duffysweeney.com
cbush@duffysweeney.com

Dated: May 2, 2008

Thomas P. McNulty

## SCHEDULE A

## Definitions

1. *'465 Patent.* The term "'465" patent means U.S. Patent No. RE39,465 and all related U.S. patents, including U.S. Patent No. 6,499,245, and patent applications including, but not limited to, all patents and patent applications, whether issued, abandoned or pending, claiming priority to U.S. application Serial No. 08/734,539.

2. *'451 Patent.* The term "'451 patent" means U.S. Patent No. 7,216,451.

3. *Weapon handguard.* The term "weapon handguard" means any and all plans, proposals, devices, apparatus, systems, methods, whether currently on the market, in development, or previously marketed or developed, that are connectable to a hand-held weapon, including, but not limited to, any product embodying the subject matter of any claim of the '245, '465 and/or '451 patents.

4. *Accused Product.* The term "accused product" means any and all of Defendants' products that ARMS asserts to infringe one or more claims of the '465 patent.

5. *Covered Products* means any and all ARMS products that ARMS asserts to embody the alleged invention(s) claimed in the '465 Patent, including, without limitation, the products identified in Response No. 1 of Plaintiff Atlantic Research Marketing Systems, Inc.'s Response To Defendant's First Set Of Interrogatories.

6. *Prior Art* means any publication, patent, physical device, prototype, use, sale, offer for sale, or other material, item, or activity concerning the subject matter of the

'465 patent or the '451 patent existing on or occurring before a date such as to be relevant under any subdivision of 35 U.S.C. §§ 102, 103, or 112.

7. *Non-Disclosure Agreement* refers to the written Non-Disclosure Agreement to which ARMS referred in paragraph 14 of the Complaint.

**Topics**

1. The conception and reduction to practice of the subject matter contained in the '465 patent.

2. The first manufacture, first public use, first offer for sale, and first sale of each ARMS product that ARMS believes is covered by any claim of the '465 patent.

3. The preparation of, filing of, and prosecution of the '465 Patent, including, without limitation, the prosecution of the application that led to U.S. Patent No. 6,499,245, the reissue application that led to the '465 Patent, and the reexamination of the '465 Patent.

4. Any studies, investigations, determinations, or opinions, whether generated in connection with this or any prior suit or threat of suit, concerning the scope or interpretation, patentability or unpatentability, validity or invalidity, enforceability or unenforceability, or infringement or non-infringement of any claim of the '465 patent.

5. Design, development, testing, and manufacture of each Covered Product, including but not limited to any decision by or on behalf of ARMS to design, develop, test, manufacture, sell, or offer for sale each Covered Product.

6. The construction, function, operation, application, and use of each Covered Product.

7. ARMS' marketing, promoting, advertising, importing, and offering for sale of each Covered Product.

8. All patents and patent applications that ARMS claims cover any part of any ARMS S.I.R. product.

9. Any statements by ARMS relating to the Accused Products, the '465 Patent, the '451 Patent, or this litigation.

10. Communications between ARMS and any manufacturers, sales representatives, distributors, contractors, customers, and/or any other third-party that refer or relate to any Covered Product, any other Weapons Handguard Product, the '465 Patent, the '451 Patent, any Troy Industries, Inc., product, Troy Industries, Inc., or this litigation.

11. Agreements between ARMS and any manufacturers, sales representatives, distributors, contractors, customers, and/or any other third-party that refer or relate to any Covered Product, any other Weapons Handguard Product, the '465 Patent, the '451 Patent, any Troy Industries, Inc., product, Troy Industries, Inc., or this litigation.

12. Any non-disclosure agreement, including but not limited to all facts and contentions supporting the allegations contained in paragraphs twelve through fourteen and Counts II through VI and VIII in the Complaint.

13. Any agreement or relationship between Stephen P. Troy, Jr., and ARMS, including but not limited to any employment agreement or relationship.

14. All facts and contentions supporting any ARMS allegation that any claim of the '451 Patents is invalid, including but not limited to the scope and content of any Prior Art that ARMS asserts invalidates any claim of the '451 Patent.

15. All facts and contentions supporting any ARMS' allegation that any claim of the '451 Patent is not infringed by ARMS #50M-CV S.I.R.™ Product.

16. All facts and contentions supporting ARMS' allegation that none of the claims of the '451 Patent was willfully infringed by ARMS.

17. All facts and contentions supporting any allegation by ARMS that the '451 Patent is unenforceable, including but not limited to all facts and contentions supporting any allegation by ARMS that Troy Industries, Inc., the inventors, or anyone else involved in the prosecution of the '451 Patent committed inequitable conduct.

18. ARMS' first knowledge or awareness of the '451 patent.

19. All facts and contentions supporting the allegations contained in paragraphs seven through twenty of the Complaint.

20. All facts and contentions supporting the allegations contained in Count VII of the Complaint.

21. All facts and contentions supporting the allegations contained in Count VIII of the Complaint.

22. All facts and contentions supporting the allegations contained in Count IX of the Complaint.

23. The search for the documents requested in Defendants' And Counterclaim Plaintiffs' First Set Of Requests For Production Of Documents And Things To Plaintiff And Counterclaim Defendant.

24. The preparation of Plaintiff Atlantic Research Marketing Systems, Inc.'s Response To Defendant's First Set Of Interrogatories.