# EXHIBIT A

**This is an automatic e-mail message [illegible]erated by the CM/ECF system. Please [illegible] NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.**

**United States District Court**

**District of Massachusetts**

## Notice of Electronic Filing

The following transaction was entered on 3/28/2008 at 4:58 PM EDT and filed on 3/28/2008

**Case Name:** Atlantic Research Marketing Systems, Inc. v. Troy et al
**Case Number:** 1:07-cv-11576
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Magistrate Judge Joyce London Alexander: Electronic ORDER entered granting [28] Motion for Protective Order; denying [31] Motion for Protective Order. Following the logic espoused by other Judges in this district, and pursuant to Fed. R. Civ. P. 26(c)(7), this Court ALLOWS [docket # 28] and DENIES [docket # 31] with the following modifications: Plaintiff may not disclose confidential information to Scott Samson or any employee of Samson Manufacturing Corporation without prior approval of the Court. Leave for such may be sought ex parte. Further, if necessary, Defendant shall, within 3 business days of this order, submit a list of other people or companies to this Court, ex parte, including reasons why they should not be allowed to view confidential documents, even under the protection of the protective order. See, e.g., Wang Labs., Inc. v. CFR Assocs., Inc., 125 F.R.D. 10, 13 (D. Mass. 1989) (issuing a protective order prohibiting disclosure of confidential trade secrets to direct competitor in a consulting capacity). (LaRoche, Donald)**

**1:07-cv-11576 Notice has been electronically mailed to:**

Craig M. Scott cscott@duffysweeney.com, ehanson@duffysweeney.com

Ann Lamport Hammitte ahammitte@ll-a.com, cdownie@ll-a.com, emailservice@ll-a.com

Christine K. Bush cbush@duffysweeney.com, lswan@duffysweeney.com

Carla Miriam Levy clevy@ll-a.com, cdownie@ll-a.com, jfrancoeur-krzyzek@ll-a.com

Thomas P. McNulty tmcnulty@LL-a.com, cdownie@ll-a.com, jfrancoeur-krzyzek@ll-a.com

Nicholas A Ogden nogden@donovanhatem.com

**1:07-cv-11576 Notice will not be electronically mailed to:**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC., Plaintiff, | |
| v. | Civil Action No. 07-cv-11576 (PBS) |
| STEPHEN P. TROY, JR., AND TROY INDUSTRIES, INC., Defendants. | |

**PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiff, Atlantic Research Marketing Systems, Inc. hereby moves for entry of a Protective Order in the form attached hereto as Exhibit A. As grounds for this Motion, Plaintiff relies on the Memorandum of Law filed herewith.

Pursuant to LR 7.1(a)(2), Plaintiff certifies that it conferred with Defendants' counsel and made a good faith effort to resolve or narrow the issue prior to seeking Court involvement.

Atlantic Research Marketing Systems, Inc.,
By its Attorneys,

/s/ Christine K. Bush
Craig M. Scott (BBO No. 556210)
Christine K. Bush (BBO No. 635381)
DUFFY SWEENEY & SCOTT, LTD
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700-Ph
(401) 455-0701-Fax
cbush@duffysweeney.com

Dated: February 15, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of February, 2008, a true copy of the foregoing ***Motion for Entry of Protective Order*** was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), including those listed below, and copies will be mailed to those indicated as non-registered participants.

**Ann Lamport Hammitte**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: ahammitte@ll-a.com

**Carla Miriam Levy**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: clevy@ll-a.com

**Thomas P. McNulty**
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street
Cambridge, MA 02142
Email: tmcnulty@ll-a.com

**Nicholas A Ogden**
Donovan Hatem LLP
Two Seaport Lane
Boston, MA 02210
617-406-4500 \
Fax: 617-406-4501
Email: nogden@donovanhatem.com

/s/ Christine K. Bush
Christine K. Bush, Esq.

H:\Clients\Atlantic Research Marketing (ARMS)\Troy\Pleadings\Motion for Protective Order.doc

RECEIVED
JUL 21 2008
Property of U.S. District Court
District of Rhode Island

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATLANTIC RESEARCH MARKETING SYSTEMS, INC.,

Plaintiff,

v.

STEPHEN P. TROY, JR., AND TROY INDUSTRIES, INC.

Defendants.

Civil Action No. 07-cv-11576 (PBS)

## PROTECTIVE ORDER

For good cause appearing that discovery in the above-entitled action may involve the disclosure of information that is proprietary or otherwise confidential, it is hereby ORDERED that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories and other information produced, given or exchanged in the course of this action:

1. Any party or non-party may designate as "Confidential" any document produced or disclosed in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, the transcript of any deposition (or portions thereof) taken in this action, or any information given by interrogatory answer. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information." Confidential Information deemed to be sufficiently sensitive to limit access to such information to counsel of record shall be designated "Highly Confidential - Attorneys Eyes Only."

2. With respect to any document to be produced or interrogatory answer given, any designation of confidentiality shall be made prior to the date on which the document is produced or answer given by placing upon it a legend stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY." With respect to deposition testimony, the witness under deposition or his/her counsel, and/or any counsel representing any person at the deposition, shall invoke the provisions of this Order in a timely manner, giving adequate warning to all persons present that testimony about to be given is CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY. The provisions of this Paragraph may be invoked with respect to a witness's entire deposition, or any portion thereof, at any time during the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Order on the record at the deposition shall have thirty (30) days following receipt of the transcript in which to correct the failure. Notice of such correction shall be made in writing to the reporter, with copies to all other counsel of record, designating the portion(s) of the transcript that contain CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY information, and directing the reporter to mark that portion of the transcript accordingly. Until thirty (30) days after mailing of the transcript by the court reporter has passed, the entire transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY.

3. Subject to paragraphs 4 through 7 below, Confidential Information designated "CONFIDENTIAL" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) the parties to this case, including officers, directors, and employees of the parties, for the sole purpose of assisting in this lawsuit, as well as the secretarial and clerical employees who work regularly with such persons; provided, however, that CONFIDENTIAL information shall not be disclosed to any such person unless and until that person has executed a Confidentiality Agreement in the form attached hereto as Exhibit A;

(b) counsel of record, general counsel and office personnel employed and assisting them in this case;

(c) witnesses testifying in this action either in discovery or at trial;

(d) any expert, investigator or consultant retained by counsel in connection with this case as defined in Paragraph 8 herein;

(e) the Court before which this case is pending; and

(f) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

4. Confidential Information designated "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" may be shown, or its contents disclosed, to the following persons and the following persons only:

(a) counsel of record and office personnel employed and assisting them in this case;

(b) independent experts, investigators and/or consultants as defined in Paragraph 8 herein;

(c) the Court before which this case is pending; and

(d) any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case.

No such information shall be disclosed to any party.

5. Filing of Designated Materials with the Court. Any party wishing to file CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY materials with the Court shall first obtain permission to do so from the Court pursuant to Local Rule 7.2. If CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY materials are to be filed, they shall be filed in sealed envelopes prominently marked with the caption of the case and the following notice:

CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER
TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

or

CONTAINS HIGHLY CONFIDENTIAL, ATTORNEY'S EYES ONLY
INFORMATION SUBJECT TO PROTECTIVE ORDER
TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT

Failure of a party to follow the procedures of this paragraph shall be not constitute a disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY materials so designated by the other party or by a third party.

6. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

7. Counsel agree to make all reasonable efforts to ensure compliance with this Protective Order. Any person referred to in paragraphs 3(c), 3(d) or 4(b) to whom

any Confidential Information, or the contents thereof, is disclosed shall first execute a Declaration in the form attached hereto as Exhibit "A." Any Declaration executed pursuant to this paragraph 7 shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

8. For purposes of Paragraphs 3 and 4 herein, an independent expert shall be defined as a person who is not an employee of a party and who is retained as a bona fide consultant or expert by counsel at the direction of a party for purposes of this litigation, whether full or part time.

9. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be Confidential Information subject to this Order on any other ground it may deem appropriate pursuant to the Rules of Civil Procedure.

10. Any signatory hereto may seek relief from, or modification of, this Order or challenge the designation of documents, information or transcripts as "Confidential" or "Highly Confidential - Attorney's Eyes Only."

11. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

12. Inadvertent Production of Privileged Materials. Counsel shall make their best efforts to identify materials protected by the attorney-client privilege or the work product doctrine prior to the disclosure of any such materials. The inadvertent production of any information shall be addressed pursuant to Fed. R. Civ. P. 26(b)(5)(B).

13. Upon the final determination of this action, unless otherwise agreed to in writing by opposing counsel, each party shall assemble and return all Confidential Information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate Confidential Information and will continue to be bound by the terms of this Order with respect to any such information.

ENTERED AS AN ORDER of this Court this ______ day of _______________, 2008.

ORDER: ENTERED:

_____________________________ _____________________________

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC., Plaintiff, | : | |
| v. | : | Civil Action No. 07-cv-11576 (PBS) |
| STEPHEN P. TROY, JR., AND TROY INDUSTRIES, INC. Defendants. | : | |

**EXHIBIT A**

**AGREEMENT CONCERNING PROTECTED MATERIAL COVERED BY PROTECTIVE ORDER**

The undersigned hereby acknowledges that (s)he has read the "Protective Order" entered by the United States District Court for the District of Massachusetts, in the above-captioned action, understands the terms thereof and agrees:

1. that (s)he shall fully abide by the terms thereof;

2. that (s)he shall not disclose Confidential Information to, or discuss Confidential Information with, any person who is not authorized pursuant to the terms of the Protective Order to receipt and disclosure of the same, and who has not signed an agreement as therein provided;

3. that (s)he shall not use said Confidential Information for any purpose other than the prosecution or defense of this litigation; and

4. that (s)he will be subject to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of compliance with, and sanction for noncompliance with, the terms of said Protective Order.

The undersigned has reviewed the following Protected Information:

__________________________________________________________

__________________________________________________________

__________________________________________________________

Signature: __________________

Name: _____________________

Employer: __________________

Title: ______________________

Subscribed and sworn to before me in the said County of ____________,

State of __________________, this _________ day of ________________, 2008.

__________________________

Notary Public

My Commission Expires: ________

H:\Clients\Atlantic Research Marketing (ARMS)\Troy\Pleadings\Protective order.doc