UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ATLANTIC RESEARCH MARKETING SYSTEMS, INC., Plaintiff, | : | |
| v. | : | CA 08-51 S |
| STEPHEN P. TROY, JR., and TROY INDUSTRIES, INC., Defendants. | : | |

**ORDER**
**GRANTING MOTION TO**
**QUASH DEPOSITION SUBPOENA**

Before the Court is Plaintiff's Motion to Quash a Deposition Subpoena Served on Its Rhode Island Attorneys (Doc. #1) ("Motion to Quash" or "Motion"). The Motion seeks to quash a deposition subpoena served on the Providence, Rhode Island law firm of Barlow, Josephs & Holmes, Ltd., Plaintiff's patent counsel. A hearing on the Motion was held on July 23, 2008.

Defendants explain in their opposition to the Motion that they issued the subpoena because Plaintiff's Fed. R. Civ. P. 30(b)(6) designee, Richard Swan, "repeatedly could not or would not answer questions, instead referring [Defendants'] counsel to Swan's patent attorney." Opposition to Plaintiff's Motion to Quash a Deposition Subpoena Served on Its Rhode Island Attorneys ("Defendants' Opp.") at 4. Defendants contend that during the 30(b)(6) deposition, "Swan expressly and repeatedly waived the attorney-client privilege on patent issues, requesting that Defendants question his patent attorneys rather than himself on topics to which [Plaintiff] did not previously specifically object." Id. at 7. Among the matters on which Swan declined to answer, according to Defendants, are "his and his company's understanding of the '465 patent and claims ... [and] the facts

and circumstances surrounding the patent-related counts of [Plaintiff's] lawsuit ...." Id. at 9. Defendants complain that "there is no other way to obtain the information sought, given that Swan has refused to provide the information, and [Plaintiff] has refused to designate another witness to testify on its behalf as to these topics, raising obstacles to every attempt by Defendants to obtain the information." Id. at 10.

The issue of whether Defendants are entitled to answers to the questions which Swan was unable or unwilling to answer is different from the issue of whether Swan waived the attorney-client privilege during his deposition. Defendants seemingly recognize this as they have filed a motion to compel additional Rule 30(b)(6) testimony in the District of Massachusetts where this action is pending. They indicate that, if that motion is granted and Plaintiff provides substantive responses to Defendants' questions on the topics at issue, they "would consider withdrawing the subpoena voluntarily." Id.

It is not the province of this Court to determine whether Swan's answers were inadequate and whether Plaintiff should be compelled to provide further responses regarding the topics identified by Defendants as having been inadequately addressed by Swan at his deposition. That question is before the Massachusetts District Court. The issue before this Court is whether Swan waived the attorney-client privilege.

After reviewing the portions of Swan's deposition testimony cited by Defendants (and pages preceding and following those portions), see Defendants' Opp., Exhibit C (Deposition of Richard E. Swan ("Dep.")) at 249-51, 301-50, the Court concludes that Swan did not by his answers waive, either expressly or impliedly, the attorney-client privilege which exists between Plaintiff and its patent counsel, cf. In re Keeper of the Records (Grand Jury Subpoena Addressed to XYZ Corp.), 348 F.3d 16, 22 (1st Cir. 2003)

(explaining that waivers can be express or implied). The transcript reflects that Swan was repeatedly asked about the claims which are part of the patent at issue and, in particular, the meaning of the terminology and/or language used in the legal description of those claims. See, e.g., Dep. at 306-10, 320-24. He was also questioned in some detail about the figures (drawings) associated with the reissued patent. Swan indicated that he had difficulty understanding the esoteric legal language used in the claims. See id. He explained that a patent attorney may refer to a part of a product by a different name than the inventor would. See id. at 309-12. He indicated that he was hesitant to make definitive statements when he was uncertain of the meaning of the wording and/or terminology in the claim to which Defendants' counsel was directing his attention. See, e.g., id. at 309-10. There is no evidence that Swan was being deliberately difficult in his responses. Instead, the record conveys the impression of a lay person having obvious difficulty understanding the material about which he is being questioned. It also conveys his efforts to explain to Defendants' counsel the reason for his difficulty in responding to the questions being asked.

While Swan's responses frequently included the statement that the questioner would have to ask a patent attorney or Plaintiff's patent attorney because Swan was unable to answer the question being posed, the Court does not find these statements to constitute a waiver of the attorney-client privilege. Rather, they appear to be nothing more than Swan's attempt to explain that the matters were beyond his understanding and that he believed they would be understood by a patent attorney. See, e.g., Dep. at 309 ("I'm no person to validate the terminology of a patent attorney."); id. at 324 ("I would have to sit and study it for quite a while to fully understand what you're referring

to, and most likely I would end up having to go refer to my patent attorney to be sure than I understand what you are referring to. If you show me a piece of hardware, then I can help you a little bit.").

It is true that "[c]ourts do not favor thwarting a deposition," Simmons Foods, Inc. v. Willis, 191 F.R.D. 625, 630 (D. Kan. 2000)(quoting Mike v. Dymon, Inc., 169 F.R.D. 376, 378 (D. Kan. 1966)), and that, barring extraordinary circumstances, courts rarely grant a protective order which totally prohibits a deposition, see id. However, a request to take the deposition of an attorney for a party may constitute an extraordinary circumstance justifying a departure from the normal rule. See id. While Barlow, Josephs & Holmes, Ltd., is not Plaintiff's trial counsel, it is Plaintiff's patent counsel, a relationship that, in the circumstances of the instant matter, is not far removed from that of trial counsel. More importantly, where, as here, the claimed basis for the deposition (i.e., waiver of the attorney-client privilege by Swan) has been determined by the Court not to exist, quashing of the subpoena is appropriate.

Finally, to the extent that Defendants contend that they need to conduct the deposition in order to determine Plaintiff's contentions or position relative to the patent infringement lawsuit which Plaintiff has filed in Massachusetts, Plaintiff's patent counsel is a third party witness. Unless Plaintiff designates Barlow, Josephs & Holmes, Ltd., as a Rule 30(b)(6) representative, the law firm's answers would not necessarily be binding on Plaintiff. Accordingly, deposing Plaintiff's patent counsel would not necessarily achieve Defendants' objective of ascertaining Plaintiff's contentions in the pending Massachusetts action.

For the foregoing reasons, the Motion to Quash is GRANTED.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
July 24, 2008